ORIGINAL

EDWARD H. KUBO, JR. 2499
United States Attorney

FLORENCE T. NAKAKUNI 2286
Chief, Criminal Division

MICHAEL K. KAWAHARA 1460
Assistant U.S. Attorney
Room 6-100, Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Mike.Kawahara@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 17 2007
at 10 o'clock and 59 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA, Plaintiff,

vs.

MICHAEL ALLEN BUSH, (01)
LANI ANN BREWER, (02)
HENRY J. MERRILL, also known as "Hank", (03)
TIMOTHY DARE, (04)

Defendants.

CRIM. NO. 04-0134SOM-01
CRIM. NO. 07-0001SOM-02

MEMORANDUM OF PLEA AGREEMENT
**[MICHAEL ALLEN BUSH]**

**MEMORANDUM OF PLEA AGREEMENT**
**[MICHAEL ALLEN BUSH]**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, MICHAEL ALLEN BUSH (hereinafter "defendant" or "Bush"), and his appointed attorney, Stuart N. Fujioka, Esq., of Honolulu, HI, have agreed upon the following:

1. Defendant acknowledges that he has been charged as

follows:

(A) In the Third Superseding Indictment returned March 23, 2006 (hereinafter "Indictment") in USA v. Bush, et. al., USDC-Hawaii Criminal No. 04-0134SOM, defendant is charged with the following crimes:

(1) Count 1: Conspiring with his named co-defendants to distribute and to possess with intent to distribute five-hundred (500) grams or more of cocaine, said offense occurring during the approximate period October 1 - December 30, 2003, in violation of 21 U.S.C. 846, 841(a)(1), and 841(b)(1)(B);

(2) Count 2: Attempted possession with intent to distribute five-hundred (500) grams or more of cocaine, said offense occurring on or about November 28, 2003, in violation of 21 U.S.C. 846, 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. 2; and

(3) Count 3: Possession with intent to distribute cocaine, said offense occurring on or about June 3, 2005, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C).

Defendant has already received a copy of this Indictment.

(B) In the separate Information which has been filed and/or will be filed in USA v. Henry J. Merrill & Michael Allen Bush, USDC-Hawaii Criminal No. 07-0001SOM, defendant has been charged with the felony crime of aiding and abetting in the use of a communication facility, to wit: United Parcel Service, in or about November 2003 to facilitate the distribution of cocaine, in violation of 21 U.S.C. 843(b). Defendant has already received a copy of the Information. Defendant is further aware of his legal right to have this felony charge asserted against him by way of Grand Jury Indictment, but after consultation with his undersigned counsel, he hereby waives that right and agrees

that it may be brought against him by way of an Information.

(C) Defendant and the prosecution also agree that the two above-referenced criminal cases shall be consolidated for sentencing purposes.

2. Defendant has read the charges and allegations against him contained in the Indictment and the Information, and these charges have been fully explained to him by his attorney. In making his decision to plead guilty, defendant has had the full opportunity to consult with his undersigned defense attorney, and he is fully satisfied with the legal representation and advice he has received from his defense attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to the charge in the Information (aiding and abetting in the use of a communication facility to facilitate the distribution of cocaine). At the time of sentencing, the prosecution will dismiss the Indictment insofar as defendant herein is concerned.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in both criminal cases.

6. Defendant enters this plea because he is in fact guilty of the crime charged against him in the Information, and he also agrees that this plea is voluntary and not the result of

force or threats.

7. Defendant understands that the statutory penalties for the crime charged in the Information, to which he is pleading guilty, are as follows: a term of imprisonment of up to four (4) years, a fine of up to $250,000, or both, and a term of supervised release of one (1) year in addition to any imprisonment term adjudged.

A. At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

B. In addition, the Court must impose a $100 special assessment as to each felony count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the

commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

A. In November 2003, a person named Todd Takata arranged for approximately one kilogram of cocaine to be sent from California to a mail box at A-O-K Business Services, 350 Ward Avenue, in Honolulu.

B. During November 2003, co-defendant Henry J. Merrill ("Merrill") made arrangements with Bush to open a private mail box at A-O-K Business Services. Bush subsequently enlisted co-defendant Lani Ann Brewer ("Brewer") to open the mail box at A-O-K Business Services. Bush then informed Merrill that Brewer had opened the private mail box on November 22, 2003 in order to receive the cocaine parcel.

C. On November 26, 2003, United Parcel Service ("UPS") delivered the following parcel to A-O-K Business Services: one (1) white cardboard box bearing UPS tracking number #1Z 689 W69 01 4198 5901, addressed to Lani Brewer and Assoc.

(this being the private mail box Brewer had opened), 350 Ward Ave, PMB [private mail box] #25, Ste. 106, Honolulu, HI, and bearing a return address in Encinitas, CA (hereinafter referred-to as the "subject parcel"). UPS had shipped the subject parcel from California to Hawaii. UPS is a communication facility within the meaning of 21 U.S.C. 843(b).

D. Federal law enforcement agents seized the subject parcel from A-O-K Business Services and later searched it, finding therein the cocaine described in greater detail in paragraph 10(a)(1) of this Agreement.

E. On November 28, 2003, Bush and Brewer went to A-O-K Business Services to pick up the subject parcel. However, they were advised by A-O-K Business Services that the parcel had inadvertently been returned back to UPS.

F. On November 28, 2003, Takata and Merrill parked their vehicle in the vicinity of A-O-K Business Services, such that they could observe Bush and Brewer pick up the subject parcel from the business. They were able to see Bush and Brewer depart from the business.

G. At all relevant times, both Bush and Merrill knew that: (1) the subject parcel contained cocaine; (2) this cocaine was being sent from California for the purpose of distribution to other persons in Hawaii; and (3) they were assisting in this distribution of cocaine.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a. Factual stipulations:

(1) Quantity of cocaine involved in Offense of Conviction: As determined by the DEA Southwestern Laboratory, the cocaine contained in the subject parcel was determined to be as follows:

| Drug Ex.#: | Controlled Substance: | Net Wgt: | Purity |
|---|---|---|---|
| 20 | Cocaine Hydrochloride | 999.1 gm | 80% |

Cocaine Hydrochloride ("HCl") is a cocaine salt and a Schedule II narcotic controlled substance.

b. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner,

so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.

The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. The parties are presently unaware of any factual disputes affecting the sentencing of defendant herein.

13. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence

within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14. The Defendant understands that the District Court

in imposing sentence will consider the provisions of the Sentencing Guidelines. Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines. The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. The Defendant understands that pursuant to Guideline 6Bl.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6Al.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty

to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other

evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Indictment.

17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, January 17, 2007.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

MICHAEL ALLEN BUSH
Defendant

FLORENCE T. NAKAKUNI
Chief, Criminal Division

STUART N. FUJIOKA
Attorney for Defendant

MICHAEL K. KAWAHARA
Assistant U.S. Attorney